**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carmen Lucia Soto, | No. CV-22-01811-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is Ms. Emily Tedone's Plaintiff's Attorney's Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 27.) Plaintiff has received an award of past-due benefits from Defendant. (Doc. 27-3.) Ms. Tedone now seeks an order authorizing payment of $28,361.50[1] for her representation of Plaintiff pursuant to 42 U.S.C. § 406. (Doc. 27 at 1.) Ms. Tedone argues that the nature of the contingency fee agreement and its terms are reasonable given her expertise and the time she expended, that the representation was ultimately successful, and that the attorney fees are based only on past-due benefits of the Plaintiff and not future benefits. (Doc. 27-1 at 6–8.) Defendant does not oppose the attorney fee request. (Doc. 29 at 2.) No reply was filed, and the time to do so has passed. LRCiv 7.2.

Section 406 establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789,

---

[1] Ms. Tedone advises that "Plaintiff's past-due benefits will also include those payable to her dependents, but SSA has not yet calculated the Notice of Award for those benefits." (Doc. 27-1 at 2 n.1.) Therefore, Ms. Tedone's current fee request is based only on those past-due benefits that have been calculated, which total $113,446. (*Id*. at 1.)

795-96 (2002). "Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the United States Supreme Court discussed the meaning of the term "reasonable fee" in § 406(b) and reached the following conclusion:

> . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807. Factors that support the reasonableness of a contingent-fee agreement include the character of the representation, results achieved, whether the attorney was responsible for any delay, or whether the award would result in a windfall to the attorney in comparison to the hours they expended on the case. *Id*. at 808. Additionally, the attorney must refund smaller attorney fee awards received pursuant to the Equal Access to Justice Act (EAJA) to the claimant. *Id.* at 796. This can be accomplished by offsetting those earlier EAJA fee awards from the total past-due benefits the claimant will receive. *Id*.

Here, the fee agreement between Ms. Tedone and Plaintiff provided for a 25 percent contingency fee of the past-due benefits awarded to Plaintiff. Ms. Tedone represents that Plaintiff was awarded $113,446 in past-due benefits, so Ms. Tedone's contingency fee equals $28,361.50. (Doc. 27-1 at 1.) Ms. Tedone achieved a favorable outcome for Plaintiff and spent 41.6 hours on this matter. (Docs. 27-4, 27-5.) Neither the amount spent by Ms. Tedone nor the total amount she will receive as a contingency fee are unreasonable. In

fact, when dividing the contingency fee by the time Ms. Tedone spent in this matter, her hourly rate equals $681.77. This rate is reasonable given Ms. Tedone's 18 years of legal experience, and the risks involved in contingent fee litigation. (Doc. 27-1 at 6, 9.)

Having considered the reasonableness factors set forth in *Gisbrecht*, the Court concludes that a contingency fee of $28,361.50, equal to 25% of the past-due benefits Plaintiff received, is reasonable. The Court will award Ms. Tedone $28,361.50 as and for attorney fees. This amount must be offset by the lesser EAJA attorney fee awards received earlier in this matter—$5,626 and $3,800 (Doc. 27-1 at 2). After offset, Ms. Tedone is entitled to **$18,935.50** as and for attorney fees to be paid directly to Ms. Tedone from the sums currently withheld by Defendant from Plaintiff's past-due benefits. Should there be an additional award of past-due benefits to Plaintiff in this matter, Ms. Tedone may apply for an additional attorney fee award.

**IT IS ORDERED** granting the Plaintiff's Attorney's Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 27). Ms. Tedone is awarded **$18,935.50** to be paid from the sums withheld by Defendant from Plaintiff's past-due benefits. Should there be an additional award of past-due benefits to Plaintiff in this matter, Ms. Tedone may apply for an additional attorney fee award.

Dated this 20th day of November, 2025.

Honorable John J. Tuchi
United States District Judge